Travis S. Prestwich, OSB No. 003617
Email: tprestwich@slamlaw.com
Swanson, Lathen, Prestwich, PC
3040 Commercial St. SE, Ste. 200
Salem, OR 97302
Telephone: 503-581-2421 / Fax: 503-588-7179
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RALPH CUMMINGS,<br><br>Plaintiff,<br><br>v.<br><br>AMMUNITION OPERATIONS, LLC dba CCI AMMUNITION, OUTDOOR HOLDING COMPANY, SPORTSMAN'S WAREHOUSE HOLDINGS, INC., and KELTEC CNC INDUSTRIES, INC.,<br><br>Defendants. | Case No.<br><br>**COMPLAINT (Personal Injury—Strict Products Liability; Negligent Products Liability)**<br><br>Pursuant to 28 USC § 1332<br><br>Prayer Amount: $533,500.87 |

PLAINTIFF ALLEGES:

**ALLEGATIONS COMMON TO ALL CLAIMS**

1.

At all times mentioned herein, Plaintiff was and is a resident of the Douglas County, Oregon, and each of the Defendants named below was and is a resident of some other state within the United States other than Oregon. Therefore, this Court has jurisdiction pursuant to 28 USC § 1332.

///

///

2.

At all times mentioned herein, Defendant Ammunition Operations, LLC, ("Ammunition"), was and is a Delaware corporation, doing business as CCI Ammunition, with its primary place of operation in Lewiston, Idaho. At all times mentioned herein, Defendant was and is involved in the manufacture of ammunition for firearms, including but not limited to 9mm ammunition manufactured under the brand names of CCI Ammunition – Blazer Ammunition, Brass Case Centerfire Cartridges.

3.

At all times mentioned herein, Defendant Sportsman's Warehouse Holdings, Inc. ("Sportsman's"), was and is a Delaware corporation with its primary place of business in West Jordan, Utah, and generally operates in the selling of good relating to outdoor activities including ammunition, firearms, camping, fishing, etc.

4.

At all times mentioned herein, Defendant KelTec CNC Industries, Inc. ("KelTec"), was and is a Florida corporation with its primary place of business in Cocoa, Florida, and designs and manufactures firearms.

5.

At all times mentioned herein, Defendant Outdoor Holding Company ("Outdoor"), was and is a Delaware corporation with its primary place of business in Atlanta, Georgia, and operates and/or operates the website "Gunbroker.com", and generally operated in the selling of firearms.

6.

In or about September of 2022, Plaintiff purchased a Kel-Tec Sub 2000 CQB 9 mm firearm from the website Gunbroker.com. Defendant KelTec manufactured said firearm and Defendant Outdoor offered said firearm for sale on its website, Gunbroker.com. Plaintiff's

purchase was subject to the federal National Firearms Act which required approval by the Bureau of Alcohol, Tobacco, Firearms and Explosives and, as such, Plaintiff did not receive the firearm until sometime in the spring or summer of 2023. Thereafter, he also purchased Blazer brass-cased 147-grain 9mm ammunition in or about July of 2024 from Defendant Sportsman's. Defendants Ammunition and Kinetic manufacture Blazer-branded ammunition.

7.

On or about August 2, 2024, Plaintiff took the KelTec rifle and the Blazer ammunition to the South Umpqua Rod and Gun Club shooting range with the intent to do some target shooting. Once there and after removing the firearm from its case, Plaintiff retracted the bolt to the rifle and ran a cleaning rod from the muzzle to the open chamber to ensure it was empty. He then loaded five rounds of the Blazer brass-cased ammunition into the magazine and inserted the loaded magazine into the firearm. After conducting further preparations to fire the weapon, Plaintiff then pulled the firearm's trigger and it exploded, blowing apart part of the rifle and causing an extremely loud noise. After checking himself for injuries, Plaintiff carefully removed the magazine, placed all equipment in their respective cases, and went home before seeking medical care.

8.

At all times mentioned herein, The KelTec 9mm rifle and/or the Blazer ammunition were defective in their design, development, manufacturing, warnings and use instructions. As a result of the incident and the defective KelTec 9mm rifle and Blazer ammunition, Plaintiff sustained injuries which include bilateral sensorineural hearing loss (or aggravation thereof), tinnitus (or aggravation thereof), lacerations to his right forearm and face, and mental upset. Said defects in the KelTec 9mm rifle and/or Blazer ammunition caused them to fail in their operation, causing permanent injuries to Plaintiff as set forth more fully below.

///

9.

Plaintiff requests a jury trial.

**FIRST CLAIM FOR RELIEF IN STRICT PRODUCTS LIABILITY**

**(Defendant Ammunition)**

10.

Plaintiff re-alleges paragraphs 1 through 9 set forth above.

11.

The Blazer ammunition was not reasonably safe in its design, manufacture, warnings and use instructions.

12.

The Blazer ammunition was expected to, and did, reach Plaintiff without substantial change in the condition in which Defendant Ammunition designed, manufactured, assembled and/or sold it.

13.

Defendant Ammunition is strictly liable to Plaintiff for his injuries and damages, as set forth more specifically below, because the Blazer ammunition was unreasonably dangerous in that it contained one or more design, manufacturing, warning and/or use instruction defects.

14.

As a result of the unreasonably dangerous condition of the Blazer ammunition, and Plaintiff's injuries, Plaintiff has incurred economic damages in the form of medical expenses in the approximate amount of $8,500.87, and likely will incur future medical expenses in the approximate amount of $25,000.00, entitling Plaintiff to economic damages of $33,500.87.

15.

As a further result of the unreasonably dangerous condition of the Blazer ammunition, and Plaintiff's injuries, Plaintiff has suffered, and will continue to suffer for the foreseeable

future, pain, suffering, mental anguish and emotional distress, and will continue to suffer the same for the foreseeable future, entitling Plaintiff to noneconomic damages in the amount of $500,000.00.

**SECOND CLAIM FOR RELIEF IN STRICT PRODUCTS LIABILITY**

**(Defendant KelTec)**

16.

Plaintiff re-alleges paragraphs 1 through 9 set forth above.

17.

The KelTec 9 mm rifle was not reasonably safe in its design, manufacture, warnings and use instructions.

18.

The KelTec 9 mm rifle was expected to, and did, reach Plaintiff without substantial change in the condition in which Defendant KelTec designed, manufactured, assembled and/or sold it.

19.

Defendant KelTec is strictly liable to Plaintiff for his injuries and damages, as set forth more specifically below, because the KelTec 9 mm rifle was unreasonably dangerous in that it contained one or more design, manufacturing, warning and/or use instruction defects.

20.

As a result of the unreasonably dangerous condition of the KelTec 9mm rifle, and Plaintiff injuries, Plaintiff has incurred economic damages in the form of medical expenses in the approximate amount of $8,500.87, and likely will incur future medical expenses in the approximate amount of $25,000.00, entitling Plaintiff to economic damages of $33,500.87.

///

///

21.

As a further result of the unreasonably dangerous condition of the KelTec 9 mm rifle, and Plaintiff injuries, Plaintiff has suffered, and will continue to suffer for the foreseeable future, pain, suffering, mental anguish and emotional distress, and will continue to suffer the same for the foreseeable future, entitling Plaintiff to noneconomic damages in the amount of $500,000.00.

**THIRD CLAIM FOR RELIEF IN STRICT PRODUCTS LIABILITY**

**(Defendant Outdoor)**

22.

Plaintiff re-alleges paragraphs 1 through 9 set forth above.

23.

The KelTec 9 mm rifle Defendant Outdoor sold was not reasonably safe in their design, manufacture, warnings and use instructions.

24.

The KelTec 9 mm rifle was expected to, and did, reach Plaintiff without substantial change in the condition in which Defendant Outdoor sold it.

25.

Defendant Outdoor is strictly liable to Plaintiff for his injuries and damages as set forth more specifically below, because the KelTec 9 mm rifle was unreasonably dangerous in that it contained one or more design, manufacturing, warning and/or use instruction defects.

26.

As a result of the unreasonably dangerous condition of the KelTec 9 mm rifle, and Plaintiff's injuries, Plaintiff has incurred economic damages in the form of medical expenses in the approximate amount of $8,500.87, and likely will incur future medical expenses in the approximate amount of $25,000.00, entitling Plaintiff to economic damages of $33,500.87.

27.

As a further result of the unreasonably dangerous condition of the KelTec 9 mm rifle, Plaintiff's injuries, Plaintiff has suffered, and will continue to suffer for the foreseeable future, pain, suffering, mental anguish and emotional distress, and will continue to suffer the same for the foreseeable future, entitling Plaintiff to noneconomic damages in the amount of $500,000.00.

## FOURTH CLAIM FOR RELIEF IN STRICT PRODUCTS LIABILITY

**(Defendant Sportsman's)**

28.

Plaintiff re-alleges paragraphs 1 through 9 set forth above.

29.

The Blazer ammunition was not reasonably safe in its design, manufacture, warnings and use instructions.

30.

The Blazer ammunition was expected to, and did, reach Plaintiff without substantial change in the condition in which Defendant Sportsman's sold it.

31.

Defendant Sportsman's is strictly liable to Plaintiff for his injuries and damages as set forth more specifically below, because the Blazer ammunition was unreasonably dangerous in that it contained one or more design, manufacturing, warning and/or use instruction defects.

32.

As a result of the unreasonably dangerous condition of the Blazer, and Plaintiff's injuries, Plaintiff has incurred economic damages in the form of medical expenses in the approximate amount of $8,500.87, and likely will incur future medical expenses in the approximate amount of $25,000.00, entitling Plaintiff to economic damages of $33,500.87.

33.

As a further result of the unreasonably dangerous condition of the Blazer ammunition and KelTec 9 mm rifle, Plaintiff's injuries, Plaintiff has suffered, and will continue to suffer for the foreseeable future, pain, suffering, mental anguish and emotional distress, and will continue to suffer the same for the foreseeable future, entitling Plaintiff to noneconomic damages in the amount of $500,000.00.

**FIFTH CLAIM FOR RELIEF IN NEGLIGENT PRODUCTS LIABILITY**

**(Defendant Ammunition)**

34.

Plaintiff realleges paragraphs 1 through 9 set forth above.

35.

The Blazer ammunition was not reasonably safe in its design, manufacture, warnings and use instructions.

36.

The Blazer ammunition was expected to, and did, reach Plaintiff without substantial change in the condition in which Defendant Ammunition designed, manufactured, assembled and/or sold it.

37.

Defendant Ammunition were negligent in the design, manufacture, warnings and/or use instructions of the Blazer ammunition and its known defects, and said negligence caused Plaintiff's injuries and damages as set forth more specifically below. It was foreseeable that said negligence would cause injuries and damages to others, including Plaintiff.

38.

As a result of Defendant Ammunition's negligence and Plaintiff's injuries, Plaintiff has incurred economic damages in the form of medical expenses in the approximate amount of

$8,500.87, and likely will incur future medical expenses in the approximate amount of $25,000.00, entitling Plaintiff to economic damages of $33,500.87.

39.

As a further result of Defendant Ammunition's negligence and Plaintiff's injuries, Plaintiff has suffered, and will continue to suffer for the foreseeable future, pain, suffering, mental anguish and emotional distress, and will continue to suffer the same for the foreseeable future, entitling Plaintiff to noneconomic damages in the amount of $500,000.00.

**SIXTH CLAIM FOR RELIEF IN NEGLIGENT PRODUCTS LIABILITY**

**(Defendant KelTec)**

40.

Plaintiff realleges paragraphs 1 through 9 set forth above.

41.

The KelTec 9 mm rifle was not reasonably safe in its design, manufacture, warnings and use instructions.

42.

The KelTec 9 mm rifle was expected to, and did, reach Plaintiff without substantial change in the condition in which Defendant KelTec designed, manufactured, assembled and/or sold it.

43.

Defendant KelTec was negligent in the design, manufacture, warnings and/or use instructions of the KelTec 9 mm rifle and its known defects and said negligence caused Plaintiff's injuries and damages, as set forth more specifically below. It was foreseeable that said negligence would cause injuries and damages to others, including Plaintiff.

///

///

44.

As a result of Defendant KelTec's negligence and Plaintiff's injuries, Plaintiff has incurred economic damages in the form of medical expenses in the approximate amount of $8,500.87, and likely will incur future medical expenses in the approximate amount of $25,000.00, entitling Plaintiff to economic damages of $33,500.87.

45.

As a further result of Defendant KelTec's negligence and Plaintiff's injuries, Plaintiff has suffered, and will continue to suffer for the foreseeable future, pain, suffering, mental anguish and emotional distress, and will continue to suffer the same for the foreseeable future, entitling Plaintiff to noneconomic damages in the amount of $500,000.00.

**SEVENTH CLAIM FOR RELIEF IN NEGLIGENT PRODUCTS LIABILITY**

**(Defendant Outdoor)**

46.

Plaintiff realleges paragraphs 1 through 9 set forth above.

47.

The KelTec 9 mm rifle was not reasonably safe in its design, manufacture, warnings and use instructions.

48.

The KelTec 9 mm rifle was expected to, and did, reach Plaintiff without substantial change in the condition in which Defendant Outdoor sold it.

49.

Defendant Outdoor was negligent in selling the KelTec 9 mm rifle with known design, manufacture, warnings and/or use instructions defects and said negligence caused Plaintiff's injuries and damages as set forth more specifically below. It was foreseeable that said negligence would cause injuries and damages to others, including Plaintiff.

50.

As a result of Defendant Outdoor's negligence and Plaintiff's injuries and death, Plaintiff has incurred economic damages in the form of medical expenses in the approximate amount of $8,500.87, and likely will incur future medical expenses in the approximate amount of $25,000.00, entitling Plaintiff to economic damages of $33,500.87.

51.

As a further result of Defendant Outdoor's negligence and Plaintiff's injuries, Plaintiff has suffered, and will continue to suffer for the foreseeable future, pain, suffering, mental anguish and emotional distress, and will continue to suffer the same for the foreseeable future, entitling Plaintiff to noneconomic damages in the amount of $500,000.00.

**EIGHTH CLAIM FOR RELIEF IN NEGLIGENT PRODUCTS LIABILITY**

**(Defendant Sportsman's)**

52.

Plaintiff realleges paragraphs 1 through 9 set forth above.

53.

The Blazer ammunition was not reasonably safe in its design, manufacture, warnings and use instructions.

54.

The Blazer ammunition was expected to, and did, reach Plaintiff without substantial change in the condition in which Defendant Sportsman's sold it.

55.

Defendant Sportsman's was negligent in selling the Blazer ammunition with known design, manufacture, warnings and/or use instructions defects and said negligence caused Plaintiff's injuries and damages as set forth more specifically below. It was foreseeable that said negligence would cause injuries and damages to others, including Plaintiff.

56.

As a result of Defendant Sportsman's negligence and Plaintiff's injuries and death, Plaintiff has incurred economic damages in the form of medical expenses in the approximate amount of $8,500.87, and likely will incur future medical expenses in the approximate amount of $25,000.00, entitling Plaintiff to economic damages of $33,500.87.

57.

As a further result of Defendant Sportsman's negligence and Plaintiff's injuries, Plaintiff has suffered, and will continue to suffer for the foreseeable future, pain, suffering, mental anguish and emotional distress, and will continue to suffer the same for the foreseeable future, entitling Plaintiff to noneconomic damages in the amount of $500,000.00.

WHEREFORE, Plaintiff prays for a judgment against Defendants, and each of them, for his economic damages of $33,500.87, and his noneconomic damages of $500,000.00, and for his costs and disbursements incurred herein.

DATED this 1st day of August, 2026.

SWANSON, LATHEN, PRESTWICH, PC

Travis S. Prestwich, OSB No. 003617
tprestwich@slamlaw.com
Attorney for Plaintiff